IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**ANTHONY CAMPBELL, Individually and**        **PLAINTIFF**
**on Behalf of all Others Similarly Situated**

vs.        No. 2:22-cv-2270-SHL-cgc

**DUST BUNNY JANITORIAL SERVICES, LLC,**        **DEFENDANTS**
**and CAROL McDANIEL**

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Anthony Campbell ("Plaintiff"), Defendants Dust Bunny Janitorial Services, LLC, and Carol McDaniel ("Defendants" and, together with Plaintiff, the "Parties") hereby submit this memorandum in support of their Joint Motion for Approval of FLSA Settlement ("Joint Motion"). The proposed settlement agreement is attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Settlement (the "Agreement"). In support of the Joint Motion, the Parties state as follows:

### I.     INTRODUCTION

On May 2, 2022, Plaintiff filed a Complaint against Defendants Dust Bunny Janitorial Services, LLC, and Carol McDaniel, alleging claims pursuant to the FLSA. (Dkt. No. 1). Specifically, Plaintiff alleged that he was misclassified so that Defendants would not pay him an overtime premium for hours worked over 40 in a week. (*Id.*) Plaintiff filed an Amended Complaint on July 12, 2022, which kept the same claims but clarified certain allegations. (Dkt. No. 15). Defendants deny Plaintiff's claims wholesale and aver that Plaintiff was properly paid for all hours worked. (Dkt. No. 17). During the pendency of this

Page 1 of 7
Anthony Campbell v. Dust Bunny Janitorial Services, LLC, et al.
U.S.D.C. (W.D. Tenn.) Case No. 2:22-cv-2270-SHL-cgc
Memorandum in Support of Joint Motion for Approval of FLSA Settlement

action, counsel for the Parties engaged in several months of arms-length settlement discussions. These efforts ultimately culminated in the Agreement attached to the Parties' Motion.

## II.     LAW AND ARGUMENT

### A.     The Standard for Settlement Approval

Employees can settle and release claims under the FLSA in two ways. First, the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b), an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.* Here, the Parties seek the latter.

In reviewing a settlement of a private FLSA claim, the Court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement

Page 2 of 7
Anthony Campbell v. Dust Bunny Janitorial Services, LLC, et al.
U.S.D.C. (W.D. Tenn.) Case No. 2:22-cv-2270-SHL-cgc
Memorandum in Support of Joint Motion for Approval of FLSA Settlement

of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *Williams v. B'nai B'rith Home & Hosp. for the Aged, Inc.*, No. 2:19-CV-2522-MSN-ATC, 2020 WL 7755693, at *3 (W.D. Tenn. Sept. 10, 2020) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."). Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### B. There is a *Bona Fide* Dispute Between the Parties

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.*; *Williams,* 2020 WL 7755693 at *3.

A *bona fide* dispute exists in this case. Defendants asserted, and continue to assert, that they were, and had reasonable grounds to believe they were, in full compliance with the FLSA at all times and acted in good faith and not in violation—willful or otherwise—of the FLSA at any time relevant to this action. Defendants absolutely deny Plaintiff's claim. Therefore, there is clearly a dispute as to whether Plaintiff worked additional uncompensated hours and if so, whether Defendants were aware of and/or responsible for the uncompensated hours. *See, e.g., White v Baptist Memorial Health Care Corp.,* 699 F. 3d 869 (6th Cir. 2012), *cert. denied*, 134 S.Ct. 296 (2013). Moreover,

Page 3 of 7
Anthony Campbell v. Dust Bunny Janitorial Services, LLC, et al.
U.S.D.C. (W.D. Tenn.) Case No. 2:22-cv-2270-SHL-cgc
Memorandum in Support of Joint Motion for Approval of FLSA Settlement

there is substantial dispute about whether Plaintiff was misclassified as an independent contractor for at least part of his employment with the Defendants.

The Parties both agree that there is risk for both sides. Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with continued litigation and discovery, dispositive motion practice, and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Defendants in exchange for a general release of claims by Plaintiff to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."). The Settlement Amount therefore reflects a reasonable compromise of Plaintiff's claimed damages.

### C. The Proposed Settlement is a Fair and Reasonable Resolution of the Parties' Dispute

The Parties disagree on whether, and to what extent, if any, Defendants are liable to Plaintiff under the FLSA. The Parties have litigated their positions and conducted targeted discovery. The Settlement Amount Plaintiff will receive arises out of an action for wages brought by Plaintiff under the FLSA against his former employers, Dust Bunny Janitorial Services and Carol McDaniel. The Settlement Amount is therefore fair and reasonable.

As part of the Parties' initial disclosures, Defendants provided scan-in and -out records for Plaintiff. Plaintiff's counsel performed damages calculations using these

Page 4 of 7
Anthony Campbell v. Dust Bunny Janitorial Services, LLC, et al.
U.S.D.C. (W.D. Tenn.) Case No. 2:22-cv-2270-SHL-cgc
Memorandum in Support of Joint Motion for Approval of FLSA Settlement

records and Plaintiff's allegations. Using the information provided by Defendants as well as Plaintiff's representations as to off-the-clock hours, Plaintiff's counsel calculated Plaintiff's alleged lost wages to be $1,039.41. These calculations take into account Plaintiff's regular rate of pay while working for Defendants, the amount Plaintiff was paid weekly, and an unpaid overtime premium for an assumed and estimated 2 hours of off-the-clock work performed per week. Under the terms of the Agreement, Plaintiff is receiving 100% of this amount as well as an additional 53%, in recognition of potential liquidated damages.

### D.     Plaintiff's Attorneys' Fees Are Reasonable

In an FLSA action, an award of attorney's fees is mandatory; 29 U.S.C. *Thompson v. United Stone, LLC*, 1:14CV224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015); 29 U.S.C § 216(b). Where the settlement agreement provides for an award of attorneys' fees, the courts examine whether that amount is reasonable. *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011). "Where a plaintiff has obtained excellent results, [his] attorney should recover a fully compensatory fee." *Greene v. Westwood Prop. Mgt., LLC*, No. 3:07CV955, 2009 WL 2850866, at *6 (M.D. Tenn. Aug. 29, 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

Consistent with their contingency fee agreement with Plaintiff, Plaintiff's counsel is receiving 40% of the total settlement as well as their incurred costs. To date, Plaintiff's counsel has incurred $13,920.50 in attorney's fees in the litigation of this action, from investigation of claims and complaint drafting through limited discovery and document production, and finally calculation of damages and settlement negotiations. Plaintiff's counsel also has $660.00 in costs for this matter. At only 14.8% of Plaintiff's counsel's

Page 5 of 7
Anthony Campbell v. Dust Bunny Janitorial Services, LLC, et al.
U.S.D.C. (W.D. Tenn.) Case No. 2:22-cv-2270-SHL-cgc
Memorandum in Support of Joint Motion for Approval of FLSA Settlement

billed hours and costs incurred, this award is reasonable.

### III.    CONCLUSION

This settlement is a product of an arms – length negotiation between counsel, and it resolves a *bona fide* dispute over Plaintiff's FLSA claims. The settlement is fair and reasonable and provides Plaintiff with significant monetary relief. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and the distribution of the Settlement Amount to Plaintiff as described above and as set forth in the Agreement. Furthermore, the Parties jointly request that the Court award as reasonable the attorneys' fees and litigation costs in the amount requested in the Agreement. Finally the Parties jointly request that this action be dismissed with prejudice upon the Court's entry of an order approving the settlement. Counsel for the Parties do not believe that a hearing on the Motion is necessary but stand ready to provide any additional information the Court requires.

Respectfully submitted,

**PLAINTIFF ANTHONY CAMPBELL**

*/s/ Colby Qualls*
Ark. Bar No. 2019246
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
colby@sanfordlawfirm.com

Page 6 of 7
Anthony Campbell v. Dust Bunny Janitorial Services, LLC, et al.
U.S.D.C. (W.D. Tenn.) Case No. 2:22-cv-2270-SHL-cgc
Memorandum in Support of Joint Motion for Approval of FLSA Settlement

      **and**    **DUST BUNNY JANITORIAL SERVICES, LLC, and CAROL McDANIEL CARTER, DEFENDANTS**

*/s/ Florence M. Johnson*
JOHNSON AND JOHNSON, PC
1407 Union Avenue, Suite 1002
Memphis, Tennessee 38104
Telephone: (901) 725-7520
fjohnson@johnsonandjohnsonattys.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Memorandum in support of Joint Motion for Approval of FLSA Settlement was sent to the following via the Court's CM/ECF system on January 12, 2023:

Florence M. Johnson, Esq.
JOHNSON AND JOHNSON, PC
1407 Union Avenue, Suite 1002
Memphis, Tennessee 38104
Telephone: (901) 725-7520
Facsimile: (901) 725-7570
fjohnson@johnsonandjohnsonattys.com

*/s/ Colby Qualls*
Colby Qualls

**Page 7 of 7**
**Anthony Campbell v. Dust Bunny Janitorial Services, LLC, et al.**
**U.S.D.C. (W.D. Tenn.) Case No. 2:22-cv-2270-SHL-cgc**
**Memorandum in Support of Joint Motion for Approval of FLSA Settlement**