IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY CAMPBELL, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DUST BUNNY JANITORIAL SERVICES, LLC, and CAROL McDANIEL<br><br>    Defendants. | No. 2:22-cv-02270-SHL-cgc |

### ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

On May 2, 2022, Plaintiff Anthony Campbell filed a Complaint against Defendants Dust Bunny Janitorial Services, LLC, and Carol McDaniel alleging violations of the Fair Labor Standards Act ("FLSA"), 20 U.S.C. § 201 et seq. (ECF No. 1.) Campbell filed an Amended Complaint on July 12, 2022, which included the same claims but clarified his allegations. (ECF No. 15.)

In their Joint Motion for Approval of FLSA Settlement, (ECF No. 27), the Parties seek approval of their proposed Settlement Agreement and Release (the "Settlement"). (ECF No. 27-1.) For the following reasons, the Court **GRANTS** the Motion.

### BACKGROUND

Campbell alleges in the First Amended Complaint that Defendants failed to pay him proper overtime compensation while he worked as an hourly-paid employee at Defendant's janitorial business. (ECF No. 15 at PageID 83.) Campbell alleges that he worked over 40 hours and was not paid the statutorily required overtime premium. (Id. at PageID 83-85.) Specifically,

Campbell alleges that he failed to receive proper overtime compensation for the weeks beginning on April 6, April 13, and April 20, 2020. (Id. at PageID 86.)

Beyond simply failing to properly compensate him, Campbell alleges that Defendant classified him as an independent contractor, as opposed to an employee, to exempt him from the overtime requirements of the FLSA. (Id. at PageID 82.) He argues that Defendant treated him and other janitors as independent contractors only for tax purposes and for convenience, but that they were employees in most all other respects. (Id.) According to Campbell, this behavior was intentional to avoid having to properly compensate him and other janitors with overtime premiums. (Id. at PageID 85.)

Campbell commenced this suit on behalf of himself and other similarly situated employees, alleging that Defendants' failure to compensate him and Defendants' other employees violates the FLSA and that they suffered lost wages as a result. (Id. at PageID 89-90.) The Parties filed their Joint Motion for Approval of FLSA Settlement on January 12, 2023, (ECF No. 27), before any other employees opted in. According to the Settlement, Defendants agree to pay Plaintiff: (1) $1,590 for alleged wage-based damages subject to appropriate withholdings and W-2, (2) $285 payable to Plaintiff's attorneys for incurred attorneys' fees and costs, and (3) $1,875 in attorneys' fees, subject to a 1099. (ECF No. 27-1 at PageID 172.)

## LEGAL STANDARD

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, like failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages. See 29 U.S.C. § 216(b). Once a covered employee files an FLSA claim pursuant to this provision, the only two ways that the claim may be resolved through an agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages

or (2) the employer and employee present the proposed settlement to the district court for approval. Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court for approval.

A district court must scrutinize a proposed FLSA settlement for fairness, and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. Lynn's Food Stores, 679 F.2d at 1354. As to the fairness and reasonableness of the settlement, the Court examines additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

## ANALYSIS

### A. Reasonableness of the Settlement

Based on a review of the parties' submissions, the Court finds that the proposed Settlement is a fair and reasonable resolution of a bona fide FLSA dispute. On the first and second elements, the Settlement was reached in an adversarial context with Plaintiff, represented

3

by experienced counsel, filing his Complaint and Amended Complaint (see ECF Nos. 1 & 15), and Defendants responded to both by fully denying his claims, (see ECF Nos. 13 & 17).

On the third element, the Court finds the Settlement fair and reasonable. Campbell is receiving 100% of the outstanding overtime premium pay as well as an additional 53% in recognition of potential liquidated damages. (ECF No. 28 at PageID 182.) As for the Nutting factors, the Court finds no evidence of fraud or collusion. See Nutting, 2014 WL 2959481, at *3. Though little progress has been made in the case, the relatively low amount of backpay estimated by Campbell discourages pursuit of these through additional discovery and additional costs. The relative imprecision of Campbell's estimated overtime hours, in addition to the burden of proving that he is entitled to overtime pay, suggests that Plaintiff would likely not have an extraordinarily high probability of success on the merits. Finally, Campbell's counsel indicates its support for the Settlement by filing this Motion. (ECF No. 27 at PageID 169.)

### B. Attorneys' Fees

The settlement also awards Plaintiff's counsel $2,160 in attorneys' fees. (ECF No. 27-1 at PageID 172.) "An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory but the amount of the award is within the discretion of the judge." Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir. 1994) (citation omitted). A reviewing court must assess plaintiffs' attorney's fees, "even when the fee is negotiated as part of a settlement rather than judicially determined." Thompson v. United Stone, LLC, No. 1:14-CV-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (quoting Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)). The reviewing court should not place significant weight on the balance between the amount of attorney's fees in relation to that recovered by plaintiffs as significant fees may be justified even if plaintiffs only recover a nominal amount. Fegley, 19

4

F.3d at 1135; see also, Thompson, 2015 WL 867988, at *2 ("the possibility of attorney's fees that eclipses any overtime pay award should add to the incentive for an employer to make a quick and just resolution of even the most minor overtime claims").

Campbell's counsel states that he is receiving 40% of the settlement amount as well as incurred costs in line with Campbell's contingency fee agreement. (ECF No. 28 at PageID 182.) Counsel also states that Campbell has incurred $13,920.50 in attorney's fees litigating this case along with $660 in costs. (Id.) The attorney's fee award in the Settlement is therefore reasonable, counsel avers, because he is receiving only 14.8% of his total billed hours and costs incurred. (Id. at PageID 182-83.)

The Court agrees that the award is reasonable. The award is substantially less than the fee arrangement agreed to between Campbell and his counsel. Moreover, Campbell's award is largely equivalent to the attorney's fees award and counsel is taking a substantial haircut on fees recovered. The Court cautions Campbell's counsel, however, that a more detailed breakdown of the total hours billed and at what hourly rate, easily provided through a timesheet, would make the Court's assessment of this issue easier and counsel's billing practices more transparent.

C.   **Confidentiality Provision**

As one final issue, the Settlement includes a confidentiality provision where neither Campbell nor any person acting on his behalf "shall disclose the terms of this Agreement . . . to any individual or entity." (ECF No. 27-1 at PageID 175.) The provision carves out exceptions for Plaintiff's spouse, attorneys, or tax advisor/accountant. (Id.)

"Courts across the country have found that the Congressional intent behind FLSA, as well as significant public policy considerations, argue against approving confidential settlements." Scott v. Titlemax of Tenn., LLC, No. 2:13-cv-2710-SHL-dkv, 2015 WL 12516225, at *1 (W.D. Tenn.

May 8, 2015) (citing <u>Joo v. Kitchen Table, Inc.</u>, 763 F. Supp. 2d 643, 646-47 (S.D.N.Y. 2011)). While some courts have held that these provisions "contravene the FLSA's objective of transparency," others have held that they "do not necessarily render settlement agreements inadequate under the FLSA." <u>Thomas v. Dania Mgmt. Grp., Inc.</u>, No. 2:18-cv-02771-TLP-dkv, 2019 WL 11583347, at *2 (W.D. Tenn. Aug. 30, 2019) (collecting cases).

Were this Settlement submitted to the Court for approval under seal, the Court would be far more concerned about this confidentiality provision. However, by filing this Settlement on the docket unsealed, it is publicly available. "This fact alone eliminates the transparency concerns against confidentiality provisions mentioned above." <u>Thomas</u>, 2019 WL 11583347 at *2. The Court, therefore, "declines to find that the confidentiality provision[] render[s] the settlement agreement[] inadequate under the FLSA." <u>Id.</u>

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion and the Settlement is therefore approved. Accordingly, Campbell's claims against Defendants are **DISMISSED WITH PREJUDICE**. This dismissal does not affect the rights of any other employees employed by Defendants to bring suits with similar or identical claims, because this matter was never found to be a collective action.

**IT IS SO ORDERED,** this 23rd day of February, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE